UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
THOMAS CHUNG,

              Plaintiff,

        v.                                      16-CV-3069 (AT-JLC)

HIGHGATE HOTELS L.P., VORNADO REALTY
TRUST, and VINCENT CURCIO,

              Defendants.
------------------------------------------------------------------x

## DEFENDANT HIGHGATE HOTELS, L.P.'S
## ANSWER AND DEFENSES TO THE COMPLAINT

Defendant Highgate Hotels, L.P. ("Highgate"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., answers Plaintiff Thomas Chung's ("Chung") Complaint as follows:

### PRELIMINARY STATEMENT

1.    Highgate denies the allegations in paragraph 1 of the Complaint, except admits that Chung purports to assert claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York City Human Rights Law ("NYCHRL"), and the Stored Communications Act ("SCA"). Highgate further denies that it engaged in any unlawful conduct toward Chung or that Chung is entitled to any relief.

### JURISDICTION AND VENUE

2.    Highgate denies the allegations in paragraph 2 of the Complaint, except admits that this Court has jurisdiction over Chung's claims.

3.    Highgate denies the allegations in paragraph 3 of the Complaint, except admits that this Court may assert supplemental jurisdiction over the NYCHRL claims in this case.

4. Highgate denies the allegations in paragraph 4 of the Complaint, except admits that venue is proper in this district.

## ADMINISTRATIVE PREREQUISITES

5. Highgate denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and therefore leaves Chung to his proof.

## TRIAL BY JURY

6. Highgate admits that Chung requests a trial before a jury.

## PARTIES

7. Highgate denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and therefore leaves Chung to his proof.

8. Highgate denies the allegations in paragraph 8 of the Complaint, except admits that Highgate is a Delaware limited partnership, and that it maintains its office at 545 E. John Carpenter Freeway # 1400, Irving, TX 75062.

9. Highgate denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and therefore leaves Chung to his proof.

10. Highgate denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and therefore leaves Chung to his proof.

## STATEMENT OF FACTS

11. Highgate denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore leaves Chung to his proof.

12. Highgate denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore leaves Chung to his proof.

13. Highgate admits the allegations in paragraph 13 of the Complaint.

14. Highgate admits the allegations in paragraph 14 of the Complaint.

15. Highgate denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore leaves Chung to his proof.

16. Highgate denies the allegations in paragraph 16 of the Complaint.

17. Highgate denies the allegations in paragraph 17 of the Complaint.

18. Highgate denies the allegations in paragraph 18 of the Complaint.

19. The allegations in paragraph 19 of the Complaint state a legal conclusion to which no response is necessary.

20. Highgate denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and therefore leaves Chung to his proof.

21. Highgate denies the allegations in paragraph 21 of the Complaint.

22. Highgate denies the allegations in paragraph 22 of the Complaint.

23. Highgate denies the allegations in paragraph 23 of the Complaint.

24. Highgate denies the allegations in paragraph 24 of the Complaint, except avers that (i) on October 29, 2012, Highgate provided overnight accommodations at the Hotel to those employees who were scheduled to work on that date and did so; and (ii) on October 30, 2012, Highgate provided overnight accommodations at the Hotel to those employees who were scheduled to work on that date and did so.

25. Highgate denies the allegations in paragraph 25 of the Complaint, except avers that the overnight accommodations it provided to Hotel employees on October 29, 2012 and/or October 30, 2012, freed those employees from having to commute to or from the Hotel on those dates.

26. Highgate denies the allegations in paragraph 26 of the Complaint.

27. Highgate denies the allegations in paragraph 27 of the Complaint.

28. Highgate denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and therefore leaves Chung to his proof.

29. Highgate denies the allegations in paragraph 29 of the Complaint.

30. Highgate denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and therefore leaves Chung to his proof, except admits that Chung arrived to work approximately one hour late on November 3, 2012.

31. Highgate denies the allegations in paragraph 31 of the Complaint.

32. Highgate denies the allegations in paragraph 32 of the Complaint, except admits that, on or around November 3, 2012, Highgate advised its employees that it would excuse certain employee tardiness that occurred in the aftermath of Hurricane Sandy.

33. Highgate denies the allegations in paragraph 33 of the Complaint.

34. Highgate denies the allegations in paragraph 34 of the Complaint.

35. Highgate denies the allegations in paragraph 35 of the Complaint.

36. Highgate denies the allegations in paragraph 36 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chung's interpretations, and therefore leaves Chung to his proof.

37. Highgate denies the allegations in paragraph 37 of the Complaint.

38. Highgate denies the allegations in paragraph 38 of the Complaint.

39. Highgate denies the allegations in paragraph 39 of the Complaint.

40. Highgate denies the allegations in paragraph 40 of the Complaint, except avers that on April 11, 2014, Chung submitted a complaint to Karen Sutera, Highgate's Director of Human Resources, in which he (i) disputed the propriety of a verbal warning he received on April 9,

2014, concerning his falsification of a checklist he was required to complete, and (ii) claimed that certain unspecified, alleged conduct "violat[ed] [his] rights as a minority."

41.     Highgate denies the allegations in paragraph 41 of the Complaint.

42.     Highgate denies the allegations in paragraph 42 of the Complaint.

43.     Highgate denies the allegations in paragraph 43 of the Complaint.

44.     Highgate denies the allegations in paragraph 44 of the Complaint.

45.     Highgate denies the allegations in paragraph 45 of the Complaint, except admits that no Highgate employee was forced to hand over his or her personal property to his or her supervisor.

46.     Highgate denies the allegations in paragraph 46 of the Complaint.

47.     Highgate denies the allegations in paragraph 47 of the Complaint.

48.     Highgate denies the allegations in paragraph 48 of the Complaint.

49.     Highgate denies the allegations in paragraph 49 of the Complaint.

50.     Highgate denies the allegations in paragraph 50 of the Complaint, except admits that Chung filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on June 20, 2014, in which he alleged, *inter alia*, that he had been subject to discriminatory treatment at the Hotel.

51.     Highgate denies the allegations in paragraph 51 of the Complaint.

52.     Highgate denies the allegations in paragraph 52 of the Complaint.

53.     Highgate denies the allegations in paragraph 53 of the Complaint.

54.     Highgate denies the allegations in paragraph 54 of the Complaint, except admits that no Highgate employee was forced to replace ceiling tiles for any extended period of time.

55.     Highgate denies the allegations in paragraph 55 of the Complaint.

56. Highgate denies the allegations in paragraph 56 of the Complaint.

57. Highgate denies the allegations in paragraph 57 of the Complaint.

58. Highgate denies the allegations in paragraph 58 of the Complaint.

59. Highgate denies the allegations in paragraph 59 of the Complaint.

60. Highgate denies the allegations in paragraph 60 of the Complaint, except admits that Vincent Curcio ("Curcio") resigned from his position with Vornado Realty Trust in August 2015.

61. Highgate denies the allegations in paragraph 61 of the Complaint.

## FIRST CAUSE OF ACTION

62. In response to paragraph 62 of the Complaint, Highgate incorporates by reference its responses to paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63. The allegations in paragraph 63 of the Complaint state a proposition of law to which no response is necessary. To the extent a response is required, Highgate refers the Court to Title VII.

64. Highgate denies the allegations in paragraph 64 of the Complaint.

65. Highgate denies the allegations in paragraph 65 of the Complaint.

66. Highgate denies the allegations in paragraph 66 of the Complaint.

## SECOND CAUSE OF ACTION

67. In response to paragraph 67 of the Complaint, Highgate incorporates by reference its responses to paragraphs 1 through 66 of the Complaint as if fully set forth herein.

68. The allegations in paragraph 68 of the Complaint state a proposition of law to which no response is necessary. To the extent a response is required, Highgate refers the Court to Title VII.

69. Highgate denies the allegations in paragraph 69 of the Complaint.

70. Highgate denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint, and therefore leaves Chung to his proof.

71. Highgate denies the allegations in paragraph 71 of the Complaint.

72. Highgate denies the allegations in paragraph 72 of the Complaint.

73. Highgate denies the allegations in paragraph 73 of the Complaint.

## THIRD CAUSE OF ACTION

74. In response to paragraph 74 of the Complaint, Highgate incorporates by reference its responses to paragraphs 1 through 73 of the Complaint as if fully set forth herein.

75. The allegations in paragraph 75 of the Complaint state a proposition of law to which no response is necessary.  To the extent a response is required, Highgate refers the Court to the NYCHRL.

76. Highgate denies the allegations in paragraph 76 of the Complaint.

77. Highgate denies the allegations in paragraph 77 of the Complaint.

78. Highgate denies the allegations in paragraph 78 of the Complaint.

## FOURTH CAUSE OF ACTION

79. In response to paragraph 79 of the Complaint, Highgate incorporates by reference its responses to paragraphs 1 through 78 of the Complaint as if fully set forth herein.

80. The allegations in paragraph 80 of the Complaint state a proposition of law to which no response is necessary.  To the extent a response is required, Highgate refers the Court to the NYCHRL.

81. Highgate denies the allegations in paragraph 81 of the Complaint.

82. Highgate denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint, and therefore leaves Chung to his proof.

83. Highgate denies the allegations in paragraph 83 of the Complaint.

84. Highgate denies the allegations in paragraph 84 of the Complaint.

85. Highgate denies the allegations in paragraph 85 of the Complaint.

## FIFTH CAUSE OF ACTION

86. In response to paragraph 86 of the Complaint, Highgate incorporates by reference its responses to paragraphs 1 through 85 of the Complaint as if fully set forth herein.

87. The allegations in paragraph 87 of the Complaint state a legal conclusion to which no response is necessary.

88. The allegations in paragraph 88 of the Complaint state a proposition of law to which no response is necessary. To the extent a response is required, Highgate refers the Court to the SCA.

89. Highgate denies the allegations in paragraph 89 of the Complaint.

90. Highgate denies the allegations in paragraph 90 of the Complaint.

91. The allegations in paragraph 91 of the Complaint state a proposition of law to which no response is necessary. To the extent a response is required, Highgate refers the Court to the SCA.

92. Highgate denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint, and therefore leaves Chung to his proof.

93. Highgate denies the allegations in paragraph 93 of the Complaint.

94. Highgate denies the allegations in paragraph 94 of the Complaint.

## WHEREFORE CLAUSE

Highgate denies that Chung is entitled to any relief requested in the WHEREFORE clause on page 13 of the Complaint, or to any other relief.

## GENERAL DENIAL

Highgate denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

At this time, Highgate asserts the following affirmative and other defenses to the Complaint.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Chung's claims are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD DEFENSE

Chung's claims are barred because Highgate acted in good faith toward him, and any actions taken toward him were for legitimate, non-discriminatory and non-retaliatory business reasons.

## FOURTH DEFENSE

Chung's claims are barred because Highgate exercised reasonable care to prevent and promptly correct any discriminatory, retaliatory, or harassing behavior in the workplace, and Chung unreasonably failed to take advantage of the preventative and/or corrective opportunities provided by Highgate to avoid harm otherwise.

## FIFTH DEFENSE

If and to the extent that any action taken with respect to Chung's employment was motivated by an impermissible consideration, which Highgate expressly denies, Highgate would have taken the same action for non-discriminatory and/or non-retaliatory reasons.

**SIXTH DEFENSE**

Highgate maintained effective anti-discrimination/anti-harassment policies.

**SEVENTH DEFENSE**

Highgate established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by its employees and agents.

**EIGHTH DEFENSE**

To the extent that any of Highgate's employees engaged in any of the conduct described in the Complaint, such actions were outside of the scope of his/her/their employment, were contrary to the policies and directives of Highgate, and not done in furtherance of Highgate's business interests.

**NINTH DEFENSE**

Highgate did not condone, encourage, acquiesce in or participate in any alleged discriminatory conduct toward Chung.

**TENTH DEFENSE**

Chung has not been subjected to any adverse employment action.

**ELEVENTH DEFENSE**

The Complaint is not actionable because Chung cannot establish that Highgate's actions regarding the terms and conditions of Chung's employment were a pretext for discrimination and/or retaliation based on race or any other protected characteristic.

**TWELFTH DEFENSE**

Subject to proof through discovery, some or all of Chung's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

**THIRTEENTH DEFENSE**

Chung's own conduct caused, in whole or in part, whatever damages he purportedly has suffered.

**FOURTEENTH DEFENSE**

Subject to proof through discovery, Chung has failed, in whole or in part, to mitigate his purported damages.

**FIFTEENTH DEFENSE**

Subject to proof through discovery, Chung's claims or damages are barred in whole or in part by the doctrines of waiver, estoppel and/or unclean hands.

**SIXTEENTH DEFENSE**

Chung is not entitled to recover any punitive damages because Highgate made good-faith efforts to comply with the law and did not commit, ratify, authorize or acquiesce in any malicious, willful or reckless act, and did not show any reckless disregard for the law.

**SEVENTEENTH DEFENSE**

Chung's claims are barred to the extent they exceed the scope of, or are inconsistent with, the Charge of Discrimination he filed with the EEOC.

**EIGHTEENTH DEFENSE**

Highgate's liability and penalties, if any, should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) and (e) of the NYCHRL.

**NINETEENTH DEFENSE**

There is no factual or legal basis upon which Highgate can be held vicariously liable for the alleged conduct by Curcio.

## **TWENTIETH DEFENSE**

Chung's SCA claims are barred because Chung invited Defendants to look at Chung's personal cellular phone.

## **RESERVATION OF RIGHTS**

In addition to the foregoing defenses, Highgate reserves the right to assert any and all additional legal and/or equitable defenses that may become apparent during the course of discovery and/or trial.

**WHEREFORE**, Highgate requests that the Court enter judgment dismissing the Complaint in its entirety and with prejudice; granting to Highgate its costs and attorneys' fees; and granting to Highgate such other relief as the Court may deem just and proper.

Dated: New York, New York
August 5, 2016

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: _s/ Evan B. Citron_
Frank Birchfield
Evan B. Citron
1745 Broadway, 22nd Floor
New York, New York  10019
(212) 492-2500

Attorneys for Defendant
*Highgate Hotels, L.P.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
THOMAS CHUNG,

          Plaintiff,

   v.                                                                                16-CV-3069 (AT-JLC)

HIGHGATE HOTELS L.P., VORNADO REALTY      **CERTIFICATE OF SERVICE**
TRUST, and VINCENT CURCIO,

          Defendants.
------------------------------------------------------------------x

     I, Evan B. Citron, hereby certify that upon this date I served, via the ECF system, a true and correct copy of Defendant Highgate Hotels, L.P.'s Answer and Defenses to the Complaint upon the following:

Walker Green Harman, Jr.
Owen Hunting Laird
The Harman Firm, LLP
220 Fifth Avenue, Suite 900
New York, NY  10001
wharman@theharmanfirm.com
olaird@theharmanfirm.com

*Attorneys for Plaintiff*

Dated: New York, New York           OGLETREE, DEAKINS, NASH,
       August 5, 2016               SMOAK & STEWART, P.C.

                                             By: *s/ Evan B. Citron*
                                                  Evan B. Citron
                                            1745 Broadway, 22nd Floor
                                            New York, New York  10019
                                            (212) 492-2500

                                            Attorneys for Defendant
                                            *Highgate Hotels, L.P.*