UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
THOMAS CHUNG,

    Plaintiff,

 v.

HIGHGATE HOTELS L.P., VORNADO REALTY TRUST, and VINCENT CURCIO,

    Defendants.
------------------------------------------------------------------x

16-CV-3069 (AT-JLC)

# DEFENDANT VINCENT CURCIO'S
# ANSWER AND DEFENSES TO THE COMPLAINT

Defendant Vincent Curcio ("Curcio"), by and through his attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., answers Plaintiff Thomas Chung's ("Chung") Complaint as follows:

## PRELIMINARY STATEMENT

1. Curcio denies the allegations in paragraph 1 of the Complaint, except admits that Chung purports to assert claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York City Human Rights Law ("NYCHRL"), and the Stored Communications Act ("SCA"). Curcio further denies that he engaged in any unlawful conduct toward Chung or that Chung is entitled to any relief.

## JURISDICTION AND VENUE

2. Curcio denies the allegations in paragraph 2 of the Complaint, except admits that this Court has jurisdiction over Chung's claims.

3. Curcio denies the allegations in paragraph 3 of the Complaint, except admits that this Court may assert supplemental jurisdiction over the NYCHRL claims in this case.

4. Curcio denies the allegations in paragraph 4 of the Complaint, except admits that venue is proper in this district.

**ADMINISTRATIVE PREREQUISITES**

5. Curcio denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and therefore leaves Chung to his proof.

**TRIAL BY JURY**

6. Curcio admits that Chung requests a trial before a jury.

**PARTIES**

7. Curcio denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and therefore leaves Chung to his proof.

8. Curcio denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore leaves Chung to his proof.

9. Curcio denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and therefore leaves Chung to his proof.

10. Curcio denies the allegations in paragraph 10 of the Complaint, except admits that he resides in Suffolk County, New York.

**STATEMENT OF FACTS**

11. Curcio denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore leaves Chung to his proof.

12. Curcio denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore leaves Chung to his proof.

13. Curcio admits the allegations in paragraph 13 of the Complaint.

14. Curcio admits the allegations in paragraph 14 of the Complaint.

15. Curcio denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore leaves Chung to his proof.

16. Curcio denies the allegations in paragraph 16 of the Complaint, except admits that (i) Vornado Realty Trust ("Vornado") hired Curcio as its Operations Manager in May 2011; (ii) Vornado promoted Curcio to Director of Engineering in August 2011; (iii) Curcio's responsibilities as Vornado's Director of Engineering included, *inter alia*, supervising Chung; and (iv) as Chung's supervisor, Curcio was authorized to, *inter alia*, set Chung's job responsibilities and discipline Chung.

17. Curcio denies the allegations in paragraph 17 of the Complaint.

18. Curcio denies the allegations in paragraph 18 of the Complaint.

19. The allegations in paragraph 19 of the Complaint state a legal conclusion to which no response is necessary.

20. Curcio denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and therefore leaves Chung to his proof.

21. Curcio denies the allegations in paragraph 21 of the Complaint.

22. Curcio denies the allegations in paragraph 22 of the Complaint.

23. Curcio denies the allegations in paragraph 23 of the Complaint.

24. Curcio denies the allegations in paragraph 24 of the Complaint, except avers that (i) on October 29, 2012, Highgate Hotels, L.P. ("Highgate") provided overnight accommodations at the Crowne Plaza Times Square Hotel (the "Hotel") to those employees who were scheduled to work on that date and did so; and (ii) on October 30, 2012, Highgate provided overnight accommodations at the Hotel to those employees who were scheduled to work on that date and did so.

25. Curcio denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and therefore leaves Chung to his proof.

26. Curcio denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and therefore leaves Chung to his proof.

27. Curcio denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and therefore leaves Chung to his proof.

28. Curcio denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and therefore leaves Chung to his proof.

29. Curcio denies the allegations in paragraph 29 of the Complaint.

30. Curcio denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and therefore leaves Chung to his proof, except admits that Chung arrived to work approximately one hour late on November 3, 2012.

31. Curcio denies the allegations in paragraph 31 of the Complaint.

32. Curcio denies the allegations in paragraph 32 of the Complaint, except admits that, on or around November 3, 2012, Highgate advised its employees that it would excuse certain employee tardiness that occurred in the aftermath of Hurricane Sandy.

33. Highgate denies the allegations in paragraph 33 of the Complaint.

34. Curcio denies the allegations in paragraph 34 of the Complaint.

35. Curcio denies the allegations in paragraph 35 of the Complaint.

36. Curcio denies the allegations in paragraph 36 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chung's interpretations, and therefore leaves Chung to his proof.

37. Curcio denies the allegations in paragraph 37 of the Complaint.

38. Curcio denies the allegations in paragraph 38 of the Complaint.

39. Curcio denies the allegations in paragraph 39 of the Complaint.

40. Curcio denies the allegations in paragraph 40 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chung's submission of a complaint to Highgate's Director of Human Resources, and therefore leaves Chung to his proof.

41. Curcio denies the allegations in paragraph 41 of the Complaint.

42. Curcio denies the allegations in paragraph 42 of the Complaint.

43. Curcio denies the allegations in paragraph 43 of the Complaint.

44. Curcio denies the allegations in paragraph 44 of the Complaint.

45. Curcio denies the allegations in paragraph 45 of the Complaint, except admits that no employee was forced to hand over his or her personal property to his or her supervisor.

46. Curcio denies the allegations in paragraph 46 of the Complaint.

47. Curcio denies the allegations in paragraph 47 of the Complaint.

48. Curcio denies the allegations in paragraph 48 of the Complaint.

49. Curcio denies the allegations in paragraph 49 of the Complaint.

50. Curcio denies the allegations in paragraph 50 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chung's filing of a complaint with the Equal Employment Opportunity Commission, and therefore leaves Chung to his proof.

51. Curcio denies the allegations in paragraph 51 of the Complaint.

52. Curcio denies the allegations in paragraph 52 of the Complaint.

53. Curcio denies the allegations in paragraph 53 of the Complaint.

54. Curcio denies the allegations in paragraph 54 of the Complaint, except admits that no employee with Chung's position was forced to replace ceiling tiles for any extended period of time.

55. Curcio denies the allegations in paragraph 55 of the Complaint.

56. Curcio denies the allegations in paragraph 56 of the Complaint.

57. Curcio denies the allegations in paragraph 57 of the Complaint.

58. Curcio denies the allegations in paragraph 58 of the Complaint.

59. Curcio denies the allegations in paragraph 59 of the Complaint.

60. Curcio denies the allegations in paragraph 60 of the Complaint, except admits that he resigned from his position with Vornado in August 2015.

61. Curcio denies the allegations in paragraph 61 of the Complaint.

## FIRST CAUSE OF ACTION

62. In response to paragraph 62 of the Complaint, Curcio incorporates by reference its responses to paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63. The allegations in paragraph 63 of the Complaint state a proposition of law to which no response is necessary. To the extent a response is required, Curcio refers the Court to Title VII.

64. Curcio denies the allegations in paragraph 64 of the Complaint.

65. Curcio denies the allegations in paragraph 65 of the Complaint.

66. Curcio denies the allegations in paragraph 66 of the Complaint.

## SECOND CAUSE OF ACTION

67. In response to paragraph 67 of the Complaint, Curcio incorporates by reference its responses to paragraphs 1 through 66 of the Complaint as if fully set forth herein.

68. The allegations in paragraph 68 of the Complaint state a proposition of law to which no response is necessary. To the extent a response is required, Curcio refers the Court to Title VII.

69. Curcio denies the allegations in paragraph 69 of the Complaint.

70. Curcio denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint, and therefore leaves Chung to his proof.

71. Curcio denies the allegations in paragraph 71 of the Complaint.

72. Curcio denies the allegations in paragraph 72 of the Complaint.

73. Curcio denies the allegations in paragraph 73 of the Complaint.

### THIRD CAUSE OF ACTION

74. In response to paragraph 74 of the Complaint, Curcio incorporates by reference its responses to paragraphs 1 through 73 of the Complaint as if fully set forth herein.

75. The allegations in paragraph 75 of the Complaint state a proposition of law to which no response is necessary. To the extent a response is required, Curcio refers the Court to the NYCHRL.

76. Curcio denies the allegations in paragraph 76 of the Complaint.

77. Curcio denies the allegations in paragraph 77 of the Complaint.

78. Curcio denies the allegations in paragraph 78 of the Complaint.

### FOURTH CAUSE OF ACTION

79. In response to paragraph 79 of the Complaint, Curcio incorporates by reference its responses to paragraphs 1 through 78 of the Complaint as if fully set forth herein.

80. The allegations in paragraph 80 of the Complaint state a proposition of law to which no response is necessary. To the extent a response is required, Curcio refers the Court to the NYCHRL.

81. Curcio denies the allegations in paragraph 81 of the Complaint.

82. Curcio denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint, and therefore leaves Chung to his proof.

83. Curcio denies the allegations in paragraph 83 of the Complaint.

84. Curcio denies the allegations in paragraph 84 of the Complaint.

85. Curcio denies the allegations in paragraph 85 of the Complaint.

## **FIFTH CAUSE OF ACTION**

86. In response to paragraph 86 of the Complaint, Curcio incorporates by reference its responses to paragraphs 1 through 85 of the Complaint as if fully set forth herein.

87. The allegations in paragraph 87 of the Complaint state a legal conclusion to which no response is necessary.

88. The allegations in paragraph 88 of the Complaint state a proposition of law to which no response is necessary. To the extent a response is required, Curcio refers the Court to the SCA.

89. Curcio denies the allegations in paragraph 89 of the Complaint.

90. Curcio denies the allegations in paragraph 90 of the Complaint.

91. The allegations in paragraph 91 of the Complaint state a proposition of law to which no response is necessary. To the extent a response is required, Curcio refers the Court to the SCA.

92. Curcio denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint, and therefore leaves Chung to his proof.

93. Curcio denies the allegations in paragraph 93 of the Complaint.

94. Curcio denies the allegations in paragraph 94 of the Complaint.

## WHEREFORE CLAUSE

Curcio denies that Chung is entitled to any relief requested in the WHEREFORE clause on page 13 of the Complaint, or to any other relief.

## GENERAL DENIAL

Curcio denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

At this time, Curcio asserts the following affirmative and other defenses to the Complaint.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Chung's claims are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD DEFENSE

Chung's claims are barred because Curcio acted in good faith toward him, and any actions taken toward him were for legitimate, non-discriminatory and non-retaliatory reasons.

## FOURTH DEFENSE

There is no factual or legal basis for holding Curcio individually liable under Title VII, the NYCHRL, or the SCA.

## FIFTH DEFENSE

Chung cannot maintain the claims in the Complaint against Curcio because Curcio did not take any materially adverse employment action against Chung.

## SIXTH DEFENSE

Subject to proof through discovery, some or all of Chung's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

## SEVENTH DEFENSE

Chung's own conduct caused, in whole or in part, whatever damages he purportedly has suffered.

## EIGHTH DEFENSE

Subject to proof through discovery, Chung has failed, in whole or in part, to mitigate his purported damages.

## NINTH DEFENSE

Subject to proof through discovery, Chung's claims or damages are barred in whole or in part by the doctrines of waiver, estoppel and/or unclean hands.

## TENTH DEFENSE

Chung's claims are barred to the extent they exceed the scope of, or are inconsistent with, the Charge of Discrimination he filed with the EEOC.

## ELEVENTH DEFENSE

Chung's SCA claims are barred because Chung invited Defendants to look at Chung's personal cellular phone.

## RESERVATION OF RIGHTS

In addition to the foregoing defenses, Curcio reserves the right to assert any and all additional legal and/or equitable defenses that may become apparent during the course of discovery and/or trial.

**WHEREFORE**, Curcio requests that the Court enter judgment dismissing the Complaint in its entirety and with prejudice; granting to Curcio his costs and attorneys' fees; and granting to Curcio such other relief as the Court may deem just and proper.

Dated: New York, New York
August 5, 2016

                                      OGLETREE, DEAKINS, NASH,
                                       SMOAK & STEWART, P.C.

                                    By: *s/ Evan B. Citron*
                                        Frank Birchfield
                                        Evan B. Citron
                                    1745 Broadway, 22nd Floor
                                    New York, New York  10019
                                    (212) 492-2500

                                    Attorneys for Defendant
                                    *Vincent Curcio*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
THOMAS CHUNG,

        Plaintiff,

v.

HIGHGATE HOTELS L.P., VORNADO REALTY TRUST, and VINCENT CURCIO,

        Defendants.
-----------------------------------------------------------------x

16-CV-3069 (AT-JLC)

**CERTIFICATE OF SERVICE**

     I, Evan B. Citron, hereby certify that upon this date I served, via the ECF system, a true and correct copy of Defendant Vincent Curcio's Answer and Defenses to the Complaint upon the following:

Walker Green Harman, Jr.
Owen Hunting Laird
The Harman Firm, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
wharman@theharmanfirm.com
olaird@theharmanfirm.com

*Attorneys for Plaintiff*

Dated: New York, New York
       August 5, 2016

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.

By: *s/ Evan B. Citron*
    Evan B. Citron
1745 Broadway, 22nd Floor
New York, New York 10019
(212) 492-2500

Attorneys for Defendant
*Vincent Curcio*

25727927.2